The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on March 5, 2013, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: March 5, 2013**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In re: | ) | Case No. 12-16461 |
| | ) | |
| LEENAE E. PHILLIPS, | ) | |
|     Debtor. | ) | Chapter 7 Proceedings |
| _____ | ) | |
| | ) | |
| CMAF, INC., | ) | Adversary Proceeding |
|     Plaintiff, | ) | No. 12-1316 |
| | ) | |
| v. | ) | |
| | ) | Judge Arthur I. Harris |
| LEENAE E. PHILLIPS, | ) | |
|     Defendant. | ) | |
| | ) | |

MEMORANDUM OF OPINION[1]

On September 1, 2012, Leenae E. Phillips ("debtor") filed a Chapter 7 voluntary petition for bankruptcy relief. (Case No. 12-16461). On November 19, 2012, CMAF, Inc. ("creditor") filed the above-captioned adversary

---

[1]This Opinion is not intended for official publication.

proceeding against the debtor. The creditor objects to the debtor's discharge under 11 U.S.C. § 727(a)(4)(A) because the debtor allegedly made a false oath when she (1) scheduled the creditor as an unsecured creditor holding a claim arising from a vehicle lease, (2) failed to describe the vehicle, (3) failed to list the vehicle on schedule B, and (4) failed to provide for the vehicle on her statement of intention. (Docket #1). The creditor asserts that the debtor knew or should have known that she owned the vehicle subject to the consensual lien of the creditor. Additionally, the creditor stated that the "Defendant Debtor's apparent intention in falsely and fraudulently failing to describe her vehicle and in identifying a debt to Ohio Auto Finance, Plaintiff's predecessor in interest, was to ultimately obtain a discharge of any indebtedness which Defendant Debtor might owe to this Plaintiff or to Plaintiff's predecessor in interest, Ohio Auto Finance." (Docket #1, at 4-5)

The debtor failed to plead or otherwise defend in this adversary case. The Court held a hearing on December 4, 2012, but the debtor did not appear, and no further hearings were scheduled. The Clerk entered default against the debtor pursuant to Federal Rule of Bankruptcy Procedure 7055 on January 16, 2013. (Docket #10). The creditor filed a motion for default judgment on January 23, 2013, which is currently before the Court. (Docket #11).

2

12-01316-aih    Doc 12    FILED 03/05/13    ENTERED 03/06/13 09:52:25    Page 2 of 7

DISCUSSION

"Motions for default judgment are reviewed under Federal Rule of Civil Procedure 55, applicable to bankruptcy cases through Federal Rule of Bankruptcy Procedure 7055." *Webster v. Key Bank (In re Webster)*, 287 B.R. 703, 709 (Bankr. N.D. Ohio 2002). Rule 55 provides, in pertinent part, that unless "the plaintiffs claim is for a sum certain or a sum that can be made certain by computation, . . . the party must apply to the court for a default judgment." Fed. R. Civ. P. 55. "If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true," 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2688 at 58-59 (3d ed. 1998) In other words, "[o]nce a default is entered against a defendant, that party is deemed to have admitted all of the well pleaded allegations in the Complaint, including jurisdictional averments." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 846 (E.D. Mich. 2006) (citing *Visioneering Constr. v. U.S. Fid.. and Guar.*, 661 F.2d 119, 124 (6th Cir.1981)).

The well pleaded allegations are ordinarily determined by Federal Rule of Civil Procedure 8(a)(2), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7008. "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct.

3

1937, 1949-50 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). In *Iqbal*, the Supreme Court held that

> the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged*.

*Id.* at 678, 129 S. Ct. 1949 (emphasis added) (citations and internal quotation marks omitted).

The Supreme Court identified two "principles" in *Iqbal*. *Id.* "First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* "Although for the purposes of a motion to dismiss . . . [courts] must take all of the factual allegations in the complaint as true, . . . [courts] are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678, 129 S. Ct. 1949-50. (citation and internal quotation marks omitted).

> Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief."

*Id.* at 679, 29 S. Ct. 1950 (quoting Fed. R. Civ. P. 8(a)(2)) (citations omitted).

The creditor's complaint alleges that the "[d]ebtor knowingly and fraudulently made a false oath and is not entitled to a discharge pursuant to Bankruptcy Code § 727(a)(4)(A)." (Docket #1, at 4). A Section 727(a)(4)(A) denial of discharge requires proof that "1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with *fraudulent intent*; and 5) the statement related materially to the bankruptcy case." *Keeney v. Smith* (*In re Keeney*), 227 F.3d 679, 685 (6th Cir. 2000) (emphasis added). The creditor must state with particularity the circumstances constituting the debtor's alleged false oaths, including evidence of fraudulent intent. *See* Fed. R. Civ. P. 9(b); Fed. R. Bank. P. 7009.

In this case, the creditor objects to the debtor's discharge because the debtor allegedly made a false oath when she (1) scheduled the creditor as an unsecured creditor holding a claim arising from a vehicle lease, (2) failed to describe the vehicle, (3) failed to list the vehicle on schedule B, and (4) failed to provide for the vehicle on her statement of intention. (Docket #1). Additionally, the creditor alleges that the "Defendant Debtor's apparent intention in falsely and fraudulently

5

12-01316-aih    Doc 12    FILED 03/05/13    ENTERED 03/06/13 09:52:25    Page 5 of 7

failing to describe her vehicle and in identifying a debt to Ohio Auto Finance, Plaintiff's predecessor in interest, was to ultimately obtain a discharge of any indebtedness which Defendant Debtor might owe to this Plaintiff or to Plaintiff's predecessor in interest, Ohio Auto Finance."

The well pleaded factual allegations in the creditor's complaint do not adequately support the motion for default judgment. The creditor's objection to the debtor's discharge for false oaths pursuant to Bankruptcy Code § 727(a)(4)(A) requires a showing of fraudulent intent. The creditor alleged, and the Court accepts as true, that the debtor misscheduled the creditor's interest as a lease instead of a security interest in the vehicle; however, the creditor's alleged facts do not support a reasonable inference of fraudulent intent. *See Iqbal*, 556 U.S. at 678. The fact that the debtor incorrectly scheduled the creditor is, absent more, not suggestive of fraud. The creditor received notice of the bankruptcy and the debtor's proposed treatment. Moreover, scheduling a security interest as a lease is legally insufficient to transform the creditor's interest. "[D]rawing on its judicial experience and common sense," the Court finds no reasonable inference of fraud in circumstances, such as these, where the only evidence of fraudulent intent is a creditor's unsupported allegation that the debtor misunderstood the law. *See id.* at 679. Instead, in this case, the Court finds a reasonable inference that the debtor made a mistake when she misscheduled the creditor's interest.

6

Even though the creditor pleaded a statement of the debtor's fraudulent intent, the Court may refuse to accept it as true. The creditor's allegation of the debtor's fraudulent intent is a "legal conclusion couched as a factual allegation." *See id.* at 678, 129 S. Ct. 1949-50. In an attempt to allege facts which would establish a fraudulent state of mind, the creditor simply alleged an example of a fraudulent state of mind which would suffice in this circumstance. No evidence or alleged facts support the creditor's allegation. (*See* Docket #1, at 4-5). Therefore, the allegation is a "naked assertion[] devoid of further factual enhancement." *See Iqbal*, 556 U.S. at 678, 129 S. Ct. 1949-50. When the Court disregards this conclusory statement and only examines the factual content in the creditor's complaint, no reasonable inference of fraud arises. Therefore, the Court cannot grant the creditor's motion for default.

Accordingly, on or before **April 19, 2013**, the creditor may file an amended complaint with the Court, which could include a § 523(a)(6) claim or other claims, or the creditor may file a supplement, under penalty of perjury, that contains specific allegations of fact from which the Court could infer all elements of the relief sought. If no further filings are provided the Court will dismiss the adversary proceeding without prejudice.

    IT IS SO ORDERED.